**UNITED STATES COURT OF FEDERAL CLAIMS**

NAVAJO NATION *et al.*,

    Plaintiffs,

v.   No. 21-1746-ZNS

UNITED STATES,

    Defendant.

**JOINT MOTION TO EXTEND DISCOVERY SCHEDULE**

    Per Rule 16(b)(4) of the Rules of the Court of Federal Claims, the parties hereby jointly move to extend the discovery schedule in this case by five months. As good cause for this motion, the parties state as follows:

    1.    The Complaint in this case was filed in August 2021. Dkt. No. 1. A motion to partially dismiss was denied in part and granted in part in April 2024, Dkt. No. 34, with reconsideration and appeal certification denied in February 2025, Dkt. No. 43.

    2.    In April 2025, the parties held their Early Meeting of Counsel and filed a Joint Preliminary Status Report ("JPSR") and the Court entered a scheduling order. Dkt. Nos. 46-47. Among other things, the JPSR reported the that the Office of Navajo and Hopi Indian Relocation ("ONHIR") might close and that such closure could present case management problems. Dkt. No. 46 at 8. In turn, the scheduling order provided that the parties complete non-expert written discovery by February 13, 2026, with additional deadlines thereafter. Dkt. No. 47 at 1-2.

    3.    In May and June 2025, the parties negotiated and moved for and the Court entered a Stipulated Discovery Management Order ("SDMO") and a Stipulated Protective Order under Federal Rule of Evidence 502(d) to govern discovery in this case. *See* Dkt. Nos. 50-53. At that time, the parties did not move for entry of a Confidentiality Agreement and Protective Order

("CAPO") since one then did not appear to be warranted, though they reserved the right to seek a CAPO under RCFC 26(c)(1)(G) if the need for one was later identified. Dkt. No. 50 at 2.

4.     In April 2025, the Navajo Nation served its first set of requests for production ("RFPs") and its first set of interrogatories. And in June 2025, Defendant served its first sets of interrogatories and RFPs. Since then, each party has served objections, answers, and written responses to the other's discovery requests, and started producing documents on a rolling basis.

5.     In October 2025, the Court granted a joint motion for a three-month extension of the discovery schedule to provide more time to complete non-expert written discovery, by May 15, 2026, especially to allow follow up for pending productions. Dkt. Nos. 59-60.

6.     Through December 2025, the Nation served three sets of productions, totalling 8,502 documents and 92,677 pages, while Defendant served its first production, totalling 42 documents and 355 pages. In the Nation's view, Defendant's first production has implicated additional required productions.

7.     In Janaury 2026, the parties exchanged and conferred about their respective proposed review protocols under SDMO ¶ 15 to implement technology-assisted review by the Nation and search-term filtering by Defendant. Also, Defendant proposed a CAPO to address disclosure of information protected by the Privacy Act, which the Nation is reviewing.

8.     At this time, Defendant has made a second production of 400 documents with 7,606 pages. Defendant also has collected documents from five federal agencies and prepared an additional set of documents that will be produced once the parties have finalized and the Court has approved a CAPO. Defendant's production has been slowed due to the complete destaffing of ONHIR in September 2025 and the related transfer of all its paper records to the National Archives at Riverside facility in Perris, California, the subsequent six-week federal government shutdown,

and ongoing litigation demands in other cases for the U.S. Department of Justice attorneys assigned to this matter. In turn, the Nation's production has been extended due to the need to complete review of approximately 4.3 TB of electronically stored information and approximately 1,600 boxes of hard-copy documents for relevance and burden. Also, both parties still must finalize, implement, and verify their respective review protocols under SDMO ¶ 15 and negotiate and seek Court approval of a CAPO if feasible. The parties also are conferring about resumption of settlement discussions and investigating allegations of possible destruction of records at the ONHIR Range Office, though Defendant's initial inquiries do not suggest that potentially relevant evidence was lost. The Nation also will move to compel additional discovery from Defendant. Based on all this, neither party anticipates that it can complete its current productions in response to their respective first sets of RFPs by May 15, 2026, and more time is needed for the parties to complete non-expert written discovery.

9. To facilitate orderly completion of discovery, the parties propose the following five-month extension for further procedings, based on the current scheduling order:

- by October 16, 2026, any motion for leave to amend the Complaint shall be filed and the parties shall complete non-expert written discovery;
- by March 19, 2027, the parties shall complete fact-witness depositions and the Nation shall disclose initial expert reports;
- by June 18, 2027, Defendant shall disclose initial expert reports;
- by August 13, 2027, the Nation shall disclose rebuttal expert reports;
- by October 15, 2027, Defendant shall disclose rebuttal expert reports;
- by December 17, 2027, the parties shall complete written discovery;

- by February 17, 2028, the parties shall complete expert depositions and all other discovery; and

- by March 1, 2028, the parties shall file a joint status report proposing further proceedings.

Respectfully submitted February 11, 2026,

| Counsel for the Navajo Nation | Counsel for the United States |
|---|---|
| /s/Daniel I.S.J. Rey-Bear<br>Daniel I.S.J. Rey-Bear, Lead Attorney<br>Timothy H. McLaughlin<br>Rey-Bear McLaughlin, LLP<br>421 W Riverside Ave, Suite 1004<br>Spokane, WA 99201-0410<br>telephone: 509-747-2502<br>dan@rbmindianlaw.com<br>tim@rbmindianlaw.com<br><br>Kris Beecher, Acting Attorney General<br>Katherine Belzowski,<br>    Assistant Attorney General<br>Office of the Attorney General<br>Navajo Nation Department of Justice<br>P.O. Box 2010<br>Window Rock, Navajo Nation (AZ) 86515<br>telephone: 928-871-6345<br><br>Christina S. West<br>Tierra N. Marks<br>Barnhouse Keegan Solimon & West LLP<br>7424 4th Street NW<br>Los Ranchos de Albuquerque, NM  87107<br>telephone: 505-938-9144<br>cwest@indiancountrylaw.com<br>tmarks@indiancountrylaw.com | Adam R.F. Gustafson<br>Principal Deputy Assistant Attorney General<br><br>/s Sara E. Costello<br>Sara E. Costello<br>Reade E. Wilson<br>Trial Attorneys<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>P.O. Box 7611<br>Washington, DC 20044-7611<br>202-598-5552 (Costello)<br>sara.costello2@usdoj.gov<br><br>Evan Blackstone<br>Lauren M. Difilippo<br>Karen E. Lindquist<br>Donna L. Owens<br>U.S. Department of the Interior<br>Office of the Solicitor |